Case No.: 12-56920

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

LUIS CRESCITELLI and RYAN CALVO,

Plaintiffs-Appellants,

v.

BANK OF AMERICA, N.A,

Defendant-Appellee.

APPEAL FROM D.C. NO. SA CV 12-0625-RNBx

**APPELLEE'S BRIEF**

>Sean D. Muntz (223549)
>Aileen M. Hunter (253162)
>Katherine M. Harrison (285561)
>**BRYAN CAVE LLP**
>3161 Michelson Drive, Suite 1500
>Irvine, California 92612-4414
>Telephone: (949) 223-7000
>Facsimile: (949) 223-7100
>E-Mail:   sean.muntz@bryancave.com
>          aileen.hunter@bryancave.com
>          katherine.harrison@bryancave.com
>
>Attorneys for Defendant-Appellee
>BANK OF AMERICA, N.A.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, defendant-appellee Bank of America, N.A. is a wholly owned subsidiary of Bank of America Corporation. Bank of America Corporation is publicly traded on the New York Stock Exchange.

Dated: September 13, 2013

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Aileen M. Hunter
Sean D. Muntz (223549)
Aileen M. Hunter (253162)
Katherine M. Harrison (285561)

Attorneys for Defendant-Appellee
BANK OF AMERICA, N.A

# TABLE OF CONTENTS

                                                                           **Page**

STATEMENT OF JURISDICTION .......................................................................... iii

STATEMENT OF ISSUES ....................................................................................... iii

I.      INTRODUCTION ............................................................................................ 1

II.     FACTS .............................................................................................................. 1

III.    STANDARD OF REVIEW .............................................................................. 4

IV.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION .................. 4

V.     CONCLUSION ................................................................................................. 7

IR01DOCS\655299.4

# TABLE OF AUTHORITIES

## *Cases*

*Eldridge v. Block*,
  832 F.2d 1132 (9th Cir. 1987)................................................................... 4

*Ferdik v. Bonzelet*,
  963 F. 2d 1258 (9th Cir. 1992).......................................................... 4, 5, 7

*Link v. Wabash R. Co.*,
  370 U.S. 626 (1962) ..................................................................................... 6

*Malone v. United States Postal Serv.*,
  833 F.2d 128 (9th Cir. 1987)....................................................................... 4

*Nevijel v. North Coast Life Insurance*,
  651 F. 2d 671, 675 (9th Cir. 1981)............................................................. 6

*Pioneer Investment Services Co. v. Brunswick Assoc.*,
  507 U.S. 380 (1993) ..................................................................................... 6

*Thompson v. Housing Auth.*,
  782 F.2d 829 (9th Cir. 1986)....................................................................... 5

## *Rules*

Central District Local Rule 7-12 .................................................................... 6

Federal Rule of Civil Procedure 41(b) ........................................................... 4

## STATEMENT OF JURISDICTION

The district court had original jurisdiction over this action under 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

Whether the District Court abused its discretion by dismissing the case with prejudice after Appellants failed to oppose Appellee's motion to dismiss and failed to timely file an amended complaint.

Dated:   September 13, 2013           Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Aileen M. Hunter
Sean D. Muntz (223549)
Aileen M. Hunter (253162)
Katherine M. Harrison (285561)

Attorneys for Defendant-Appellee
BANK OF AMERICA, N.A

## I.     INTRODUCTION

Plaintiffs-Appellants Luis Crescitelli and Ryan Calvo sued Defendant-Appellee Bank of America, N.A. for the bank's alleged failure to provide certain home loan-related disclosures.

Bank of America moved to dismiss. Appellants did not oppose the motion. The District Court granted the motion, and dismissed the case without prejudice. The District Court granted Appellants an opportunity to amend, but warned that if they failed to timely do so, the case would be dismissed with prejudice. Despite the warning, Appellants did not timely amend. The District Court dismissed the case with prejudice.

Appellants moved for reconsideration, claiming they attempted to timely file an amended complaint, but the clerk rejected it. The District Court found no record supporting Appellants' claims, and denied the motion.

The narrow issue before this Court is whether the District Court properly exercised its discretion when it dismissed this case with prejudice. It did. This Court should affirm.

## II.    FACTS

Appellee removed this case from the California Superior Court to the District Court. (Excerpts of Record ("ER"), Ex. 1 at p. 4; Dkt. No. 1.) Appellee then moved to dismiss. (ER, Ex. 1 at p. 3; Dkt. No. 6.)

1

IR01DOCS\655299.4

Appellants did not oppose. (ER, Ex. 1 at p. 3; Dkt. No. 8.) The District Court granted the motion. (ER, Ex. 6, p. 1; Dkt. No. 8.) In its order, the District Court stated:

> Plaintiffs' Opposition, if any, was due on June 4, 2012. *See* L-R 7-9. As of this date, Plaintiffs have filed no opposition. Accordingly, pursuant to Local Rule 7-12, the Motion to Dismiss is hereby GRANTED AS UNOPPOSED.

(ER, Ex. 6 at p. 1; Dkt. No. 8.)

The District Court dismissed Appellants' complaint without prejudice and ordered Appellants to amend "on or before June 18, 2012." (ER, Ex. 6 at p. 1; Dkt. No. 8.) The court warned that "[i]f Plaintiffs do not file an amended complaint by that date, this Court shall dismiss WITH PREJUDICE." (*Id.*)

Appellants did not file an amended complaint by June 18. (ER, Ex. 1 at p. 3; ER, Ex. 3 at p. 1.) Appellants attempted to file an amended complaint on June 20. (ER, Ex. 3 at p. 1; ER, Ex. 5 at pp. 1-2.) The amended complaint was "received" on June 20; it was not filed by the clerk of the court. (ER, Ex. 5 at pp. 1-2.)

On June 21, the District Court rejected the amended complaint as untimely and ordered Appellants to "notify, in writing, all parties previously served . . . that said documents have not been filed with the Court." (ER, Ex. 5 at p. 1.)

2

Two weeks later, on July 5, the District Court dismissed the case with prejudice based on Appellants failure to timely file an amended complaint. (ER, Ex. 1 at p. 3; Dkt. No. 10.)

The following week, Appellants filed a motion for reconsideration. (ER, Ex. 4.) In the motion, Appellants contend they tried to file an amended complaint on June 18, but it was rejected because it was incorrectly labeled. (ER, Ex. 4 at p. 2.) Appellants' claim they received the rejected complaint on June 21. (ER, Ex. 4 at p. 2.) Appellants relabeled the pleading "First Amended Complaint" and attempted to file it "the very same day." (ER, Ex. 4 at p. 3.)

The District Court denied Appellants' motion for reconsideration finding:

> The Court has no record of any attempted filing by Plaintiff on June 18, 2012. The Court has no record of receiving or rejecting a document titled "Second Amended Complaint." The Court *does* have a record of receiving and rejecting an untimely filed document titled "First Amended Complaint" that was rejected because it was filed on June 20, 2012 – two days after the Court's deadline.

(ER, Ex. 3 at p. 1.)

The District Court then dismissed the action with prejudice and entered judgment. (ER, Ex. 2 at p. 2.)

This appeal followed.

3

IR01DOCS\655299.4

## III. STANDARD OF REVIEW

A district court may dismiss an action for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

This Court will "review for abuse of discretion a district court's dismissal of an action for failure to comply with the court's order requiring submission of an amended complaint in a timely manner." *Id.* (citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).) "The trial court's dismissal should not be disturbed unless there is 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Ferdik*, 963 F.2d at 1260 (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).)

## IV. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION

A district court has the inherent power to control its docket. *Ferdik*, 963 F.2d at 1260 (citation omitted).

If a party fails to comply with a court order, the court weighs five factors when deciding whether to dismiss a case: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d

4

at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

"The first two dismissal factors – the public's interest in expeditious resolution of litigation and the trial court's interest in docket control – strongly support the court's action." *Ferdik*, 963 F.2d at 1261.

Appellants did not make any effort to oppose Appellee's motion to dismiss. Appellants then failed to timely amend. When the District Court rejected the late filing, Appellants waited weeks to move for reconsideration and consumed the court's "valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." *Id.*

The District Court considered Appellants' motion for reconsideration but was not persuaded. Contrary to Appellants' claims, the court noted it found no record of Appellants' claimed attempt to timely amend. (ER, Ex. 3 at p. 1.)

"It is incumbent upon us to preserve the district court's power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like [Appellants]." *Ferdik*, 963 F.2d at 1261.

As to the prejudice factor, Appellants' conduct unnecessarily protracted the litigation. Appellants failed to prosecute their case, failed to timely amend, and failed to follow the District Court's orders. *See Nevijel v. North Coast Life*

5

*Insurance*, 651 F. 2d 671, 675 (9th Cir. 1981) (prejudice shown by history of non-compliance with the federal rules and protracted litigation).

Although the public policy favors disposal of a case on the merits, that factor is far outweighed by the other factors that strongly support the District Court's dismissal. There is a competing public policy at play that provides a client must be held accountable for the acts and omissions of his attorney. *Pioneer Investment Services Co. v. Brunswick Assoc.*, 507 U.S. 380, 396 (1993). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent…" *Id.* at 397 (*quoting Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962).) Appellants were represented by counsel of their choice below and "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer*, 507 U.S. at 397 (citations omitted).

The final factor, whether there was a less drastic alternative, also weighs in Appellee's favor. The District Court considered, and provided, a less drastic alternative. When Appellants failed to oppose Appellee's motion to dismiss, the District Court could have dismissed the action with prejudice pursuant to Central District Local Rule 7-12. C.D. L-R 7-12 ("the failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." ) Instead, it exercised its discretion and gave

6

Appellants an opportunity to amend. The court also forewarned Appellants what the consequence would be if Appellants failed to timely do so. Like the court in *Ferdik*, the District Court "went out of its way" and "expressly warn[ed]" them that "failure to timely amend would result in dismissal." *Ferdik*, 963 F.2d at 1261. "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.'" *Id.* at 1262 (citations omitted).

In sum, weighing all five factors, the District Court did not abuse its discretion. The record does not support a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Ferdik*, 963 F.2d at 1261.

## V. CONCLUSION

The District Court did not abuse its discretion. Its dismissal of the case with prejudice should be affirmed.

Dated:  September 13, 2013            Respectfully submitted,

                                      **BRYAN CAVE LLP**


                                      By: /s/ Aileen M. Hunter
                                      Sean D. Muntz (223549)
                                      Aileen M. Hunter (253162)
                                      Katherine M. Harrison (285561)

                                      Attorneys for Defendant-Appellee
                                      BANK OF AMERICA, N.A

7

## **CERTIFICATION OF COMPLIANCE**

### **Fed. R. App. P. 32(a)(7)(C)**

Counsel for Defendant-Appellee Bank of America, N.A. certifies that this brief complies with the length limits set forth in Federal Rule of Appellate Procedure 32(a)(7)(B). The number of words contained in this brief, exclusive of statements, tables, and certificates, is 1,488 according to the word processing program that we used to prepare the brief.

Dated:    September 13, 2013

Respectfully submitted,

**BRYAN CAVE LLP**

By:  /s/ Aileen M. Hunter
Sean D. Muntz (223549)
Aileen M. Hunter (253162)
Katherine M. Harrison (285561)

Attorneys for Defendant-Appellee
BANK OF AMERICA, N.A

9th Circuit Case Number(s) | 12-56920

**NOTE**: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system

on (date) | September 13, 2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Jackie Lee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system

on (date) | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |

American LegalNet, Inc.
www.FormsWorkFlow.com